Filed 10/29/13  P. v. Cowens CA3

## <u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>JERRY WAYNE COWENS,<br><br>        Defendant and Appellant. | C073327<br><br>(Super. Ct. No. CRF130118) |

In January 2013 defendant Jerry Wayne Cowens had a bicycle in his possession that he told officers was his own bicycle.[1]  Officers later determined that the bicycle had been reported stolen.

Defendant pleaded no contest to receiving stolen property (Pen. Code,[2] § 496, subd. (a)), admitted a prior serious felony allegation (§§ 667, subds. (b)-(i), 1170.12), and

---

[1]  Because the matter was resolved by plea and defendant waived referral to the probation department, our statement of facts is taken from the transcript of the preliminary examination.

[2]  Further statutory references are to the Penal Code unless otherwise indicated.

1

two prior prison term allegations (§ 667.5, subd. (b)). In exchange, six prior prison term allegations were dismissed.

After waiving referral to the probation department, defendant was sentenced to prison for a stipulated term of six years, consisting of twice the middle term of two years plus two years for the prior prison terms. He was ordered to pay a $280 restitution fine (§ 1202.4), a $280 restitution fine suspended unless parole is revoked (§ 1202.45), a $40 court operations fee (§ 1465.8, subd. (a)(1)), and a $30 court facilities assessment (Gov. Code, § 70373).

The trial court ordered preparation of a postsentence probation report discussing, among other things, the issues of victim restitution and presentence credits. The court advised defendant and his counsel that they would receive copies of the postsentence report and if they "disagree with what's recommended, please put it on calendar." This court has not received a record of any such proceeding.

We appointed counsel to represent defendant on appeal. Counsel contacted the trial court appeals clerk requesting the postsentence report and corresponding minute order or amended abstract of judgment. Counsel was informed that no such material was in the record. Counsel thereafter made a nonappearance motion to correct the record to include the presentence credits.

Appellate counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) The brief notes that the appeals clerk subsequently advised appellate counsel that the trial court agreed with the credit request and that an amended abstract of judgment would be forthcoming.

This court has not yet received any amended abstract or related documentation. In an abundance of caution, we modify the judgment to award defendant custody and conduct credit from his arrest on January 7, 2013, through sentencing on February 13, 2013, a period of 38 days.

2

Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed and we received no communication from defendant. Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is modified to award defendant 38 days' custody credit and 38 days' conduct credit. As so modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation. The amended abstract should indicate in part 4 that defendant was sentenced per sections 667, subdivisions (b) through (i) and 1170.12. The abstract should not list the second strike sentence as an "enhancement."


     BLEASE     , Acting P. J.


We concur:


     BUTZ     , J.


     MURRAY     , J.